# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| EMMANUEL KWAKU BOAMAH,<br>    Petitioner, | Case No. 1:16-cv-1154 |
| vs. | Dlott, J.<br>Bowman, M.J. |
| UNITED STATES OF AMERICA,<br>    Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, who is currently detained pursuant to removal orders issued by United States Immigration and Customs Enforcement (ICE),[1] has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (*See* Doc. 1).  On March 13, 2017, respondent filed a motion to dismiss the petition on the ground that the petition was duplicative.  (Doc. 7).  Petitioner moved for and was granted two motions for extensions of time to file a response, before filing responses in opposition to the motion on July 6, 2017 and July 25, 2017.  (Doc. 13, 14).

On August 1, 2017, the Court issued an Order indicating that the Court would benefit from an updated record before ruling on respondent's motion to dismiss.  Respondent was ordered to provide an update on the status of petitioner's removal, reason(s) for delay, and any other information demonstrating whether petitioner's removal is significantly likely to occur in the reasonably foreseeable future. (Doc. 15).

Respondent has now responded to the Court's Order, maintaining that petitioner's removal is significantly likely to occur in the reasonably foreseeable future.  (Doc. 17).  In support of its position, respondent includes the affidavit of Luke Affholter, a Deportation Officer

---

[1] At the time of filing the petition, petitioner was detained at the Butler County Jail, in Hamilton, Ohio. (*See* Doc. 1, Petition at PageID 9).  Petitioner was subsequently transferred to the Morrow County Jail, in Mt. Gilead, Ohio, and on August 15, 2017, to the Alexandria Staging Facility in Alexandria, Louisiana.  (Doc. 17-1, Affholter Decl. at PageID 124, ¶ 9).  Respondent indicates in its August 22, 2017 Status Report, that petitioner is now in the Florence Correctional Center in Florence, Arizona.  (Doc. 17 at PageID 119, n.2).

employed by ICE familiar with petitioner's immigrations proceedings. According to Affholter, petitioner is scheduled to be removed to Ghana on a flight departing from Arizona on August 29, 2017. (Doc. 17-1, Affholter Decl. at PageID 125, ¶ 12).

For the reasons stated below and based on the updated record now before the Court, the undersigned recommends that the petition be denied. In light of this recommendation, it is further recommended that respondent's motion to dismiss the petition as duplicative be denied as moot.

## I. BACKGROUND

On August 29, 1996, petitioner, a native and citizen of Ghana, was admitted to the United States as a lawful permanent resident. (Doc. 7-2, Affholter Decl. at PageID 33, ¶3–4). On or about August 1, 2014, petitioner was convicted in the United States District Court for the Southern District of Ohio, Eastern Division of Conspiracy to Commit Access Device Fraud, in violation of 18 U.S.C. § 371. (*Id.* at PageID 33, ¶5).

A Notice to Appear before an immigration judge was issued on March 9, 2016, charging petitioner with removability under 8 U.S.C. §1227(a)(2)(A)(iii)/§1101(a)(43)(M)(i). (*Id.* at PageID 34, ¶6).[2] Petitioner was taken into ICE custody on March 11, 2016. (*Id.* at PageID 27, ¶7). On May 17, 2016, an Immigration Judge sustained petitioner's removability under 8 U.S.C. § 1227(a)(2)(A)(iii)/§ 1101(a)(43)(U). On September 27, 2016, petitioner was ordered removed from the United States to Ghana. (*Id.* at PageID 34, ¶9). The order of removal became final on October 28, 2016. (*Id.* at PageID 34, ¶10).

Petitioner commenced the instant habeas corpus action on December 19, 2016. (*See* Doc. 1). Petitioner contends that he is entitled to relief because he has been detained for more than six

---

[2] An additional charge of inadmissibility/deportability was issued on March 15, 2016, charging two additional grounds of removability under §1227(a)(2)(A)(iii)/§ 1101(a)(43)(U). (*Id.* at PageID 34, ¶8).

months with no significant likelihood of actual removal, in violation of *Zadvydas v. Davis*, 553 U.S. 678 (2001). He also claims that his continued detention violates his federal due process rights.

In the motion to dismiss (Doc. 7), respondent contends the petition is duplicative of petitioner's "motion for emergency hearing for petition for a writ of habeas corpus pursuant to 28 USC 2255/vacating my conviction citing (Duarnis Perez v. United States of America 2006)" filed in petitioner's federal criminal case in the Eastern Division for the Southern District of Ohio. *See United States v. Boamah*, Case No. 2:13-cr-126(2)) (Doc. 151) (Watson, J.; Jolson, M.J.). As he does in the instant case, petitioner—in addition to raising other claims—claimed his removal to Ghana is not significantly likely to occur in the reasonably foreseeable future, in violation of *Zadvydas*. On April 4, 2017, the Court denied the petition, finding that petitioner failed to provide good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future.[3] (*See* Doc. 11).

**II.     OPINION**

Congress has prescribed that once an alien has been ordered to be removed from the United States, "the Attorney General shall detain the alien" and "remove the alien from the United States within a period of 90 days." 8 U.S.C. §§ 1231(a)(1)(A) & 1231(a)(2). Title 8 U.S.C. § 1231(a)(6) further provides in relevant part:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the [90-day] removal period.

---

[3] Magistrate Judge Jolson also recommended dismissal on the ground that petitioner filed his petition prior to the expiration of the six-month period found to be presumptively reasonable by the Supreme Court in *Zadvydas*.

By its terms, § 1231(a)(6) "applies to three categories of aliens:  (1) those ordered removed who are inadmissible under § 1182, (2) those ordered removed who are removable under § 1227(a)(1)(C), § 1227(a)(2), or § 1227(a)(4), and (3) those ordered removed whom the Secretary [of DHS] determines to be either a risk to the community or a flight risk." *Clark v Martinez,* 543 U.S. 371, 377 (2005).  In *Zadvydas v. Davis,* 533 U.S. 678 (2001), the Supreme Court interpreted the provision "to authorize the Attorney General (now the Secretary [of DHS]) to detain aliens in the second category only as long as 'reasonably necessary' to remove them from the country." *Clark,* 543 U.S. at 377 (quoting *Zadvydas*, 533 U.S. at 689, 699).  The *Zadvydas* Court held that reading § 1231(a)(6) to authorize indefinite detention would "raise a serious constitutional problem" under the Fifth Amendment's Due Process Clause.  *Zadvydas*, 533 U.S. at 690.  Therefore, the Court "construe[d] the statute to contain an implicit 'reasonable time' limitation, the application of which is subject to federal-court review."  *Id.* at 682.

In *Zadvydas*, 533 U.S. at 701, the Supreme Court considered the six-month detention of an alien who is subject to removal due to criminal convictions to be presumptively reasonable. The Court then provided the following guidance in addressing detentions that exceed the six-month presumptively reasonable limit:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink.  This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Id.*

4

In this case, petitioner does not challenge his removal order or dispute that he is subject to removal under 8 U.S.C. § 1227(a)(2) because of his criminal convictions in Ohio.  Because petitioner was deemed to be removable under § 1227(a)(2), he falls within the second category of aliens eligible for extended detention under § 1231(a)(6).  It is undisputed that, at this point in time, petitioner has been detained longer than the six-month presumptively reasonable period under *Zadvydas*.

However, based on the information provided to the Court in respondent's response to the Court's August 1, 2017 Order, it appears that petitioner's removal is significantly likely to occur in the foreseeable future.  Deportation Officer Affholter states that a travel document request was submitted to the Ghanaian embassy on October 31, 2016, three days after petitioner's removal order became final.  (Doc. 17-1, Affholter Decl. at PageID 124, ¶ 10).  Affholter further states that on August 14, 2017, ICE was notified that a travel document for petitioner would be issued and received prior to August 29, 2017.[4]  (*Id.* at PageID 124, ¶ 11).  According to Affholter, petitioner is scheduled to be removed from the United States via a flight from Phoenix, Arizona to Accra, Ghana on August 29, 2017.  (*Id.* at PageID 125, ¶ 12).  Based on this information, the undersigned finds that petitioner is not entitled to habeas relief based on his claim that there is no significant likelihood of removal in the reasonably foreseeable future.

Finally, as to petitioner's second claim for relief raised in the petition, petitioner has not demonstrated that he is entitled to habeas relief on the ground that he has not been provided a "neutral decision-maker" to review his continued custody in violation of his right to procedural due process.  There is simply no evidence in the record even remotely suggesting there is any merit to that conclusory claim.  *Cf. Atugah v. Dedvukaj*, No. 2:16cv68, 2016 WL 3189976, at *4

---

[4] Counsel for respondent indicates that subsequent to Affholter's August 16, 2017 Declaration, counsel was informed that Ghana has issued the travel document. (Doc. 17 at PageID 118, n.1).

(W.D. Mich. May 10, 2016) (Report & Recommendation) (rejecting a similar claim as meritless), *adopted*, 2016 WL 3166600 (W.D. Mich. June 7, 2016), *appeal filed*, No. 16-1862 (6th Cir. June 22, 2016); *Moses, supra*, 2016 WL 2636352, at *4 (holding in an analogous case that in the absence of "some indication . . . that ICE failed to comply with any specific requirements" of custody-review procedures established in the Code of Federal Regulations, petitioner had not demonstrated a violation of his Fifth Amendment right to procedural due process).

Accordingly, in sum, the undersigned concludes that petitioner has not demonstrated that he is entitled to habeas corpus relief under 28 U.S.C. § 2241 because he has not shown that he is currently in ICE custody in violation of the Constitution or laws of the United States.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The petitioner's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) be **DENIED**. In light of the recommendation that the petition be denied, respondent's motion to dismiss the petition on the ground that it is duplicative (Doc. 7) should be **DENIED as moot.**

2. A certificate of appealability should not issue because petitioner has not stated a "viable claim of the denial of a constitutional right," nor are the issues presented "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel,* 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and, therefore, should

**DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

      *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

EMMANUEL KWAKU BOAMAH,  
    Petitioner,

vs.

UNITED STATES OF AMERICA,  
    Respondent.

Case No. 1:16-cv-1154

Dlott, J.  
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).