UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| EMMANUEL KWAKU BOAMAH,<br>    Petitioner, | Case No. 1:16-cv-1154 |
| vs. | Dlott, J.<br>Bowman, M.J. |
| UNITED STATES OF AMERICA,<br>    Respondent. | SUPPLEMENTAL REPORT<br>AND RECOMMENDATION |

This habeas corpus action brought pro se pursuant to 28 U.S.C. § 2241 is before the Court on respondent's motion to dismiss for lack of jurisdiction. (Doc. 19).

On August 24, 2017, the undersigned issued a Report and Recommendation, recommending that the habeas petition be denied. Specifically, because petitioner's removal was scheduled for August 29, 2017, the Court determined that petitioner failed to provide good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future.[1] (*See* Doc. 18). In light of this recommendation, the undersigned further recommended that respondent's motion to dismiss the petition as duplicative (Doc. 7) be denied as moot.

On September 1, 2017, respondent filed a motion to dismiss for lack of jurisdiction. In the motion, respondent indicates that petitioner was removed from the United States to Ghana on August 29, 2017. (Doc. 19-1, Affholter Decl. at PageID 176, ¶ 5).

As noted in the August 24, 2017 Report and Recommendation, petitioner does not challenge his removal order in this case. He instead contests his indefinite detention pending removal. (*See* Doc. 1). In these circumstances, petitioner's August 29, 2017 removal renders

---

[1] In *Zadvydas v. Davis*, 553 U.S. 678 (2001), the Supreme Court held that indefinite detention of an alien who has been ordered removed was not authorized by 8 U.S.C. § 1231(a) and created a presumptive rule that after six months of custody an alien should be released if there is "good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

this action moot and deprives the Court of jurisdiction. *See Novikova v. Prendes*, Case No. 3:06-cv-0039, 2006 WL 1424255, at *2 (N.D. Texas May 24, 2006) (finding that the removal of a petitioner challenging her detention pending removal deprived the district court of jurisdiction to consider the habeas petition). *See also Felix v. Bureau of Immigration and Customs Enforcement*, No. 3:05-cv-2211, 2007 WL 951452, at *1 (M.D. Pa. Mar. 27, 2007) ("When an alien subject to removal challenges only his detention pending removal, his release pending removal, whether or not conditional, entails no collateral consequences.  It renders the petition moot because he has received all the relief he sought and would have been entitled to."); *see also Kahn v. Attorney General*, Case Nos. 1:15-cv-2014, 1:16-cv-85, at *2 (N.D. Ohio May 17, 2016) ("As Petitioner has received his requested relief by being released from custody on an order of supervision, there is no longer an active case or controversy.") (Report and Recommendation), *adopted*, 2016 WL 4009885 (N.D. Ohio June 25, 2016); *Willix v. Holder*, No. 1:11-cv-894, 2012 WL 463830, at *1 (W.D. Mich. Jan 24, 2012) (finding habeas petition moot where petitioner seeking release pending removal is released pursuant to an order of supervision) (Report and Recommendation), *adopted*, 2012 WL 463825 (W.D. Mich. Feb. 13, 2012).

Therefore, because petitioner has been removed, the undersigned recommends that respondent's motion to dismiss (Doc. 19) be **GRANTED** and the petition be dismissed.  As recommended in the August 24, 2017 Report and Recommendation, respondent's March 13, 2017 motion to dismiss the petition as duplicative (Doc. 7) should be **DENIED as moot**.

**IT IS SO RECOMMENDED.**

     *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

2

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

EMMANUEL KWAKU BOAMAH,
    Petitioner,

vs.

UNITED STATES OF AMERICA,
    Respondent.

Case No. 1:16-cv-1154

Dlott, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).